# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

PAVONIA LIFE INS. CO.
OF MICHIGAN,

    **Plaintiff,**

  v.                 Civil Action 2:17-cv-257
                       Magistrate Judge Jolson

THEODORE RAVER, et al.,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Theodore Raver's Second Motion for Summary Judgment. (Doc. 40). The time for responding has since elapsed, and the Estate of Robby E. Johnson informed the Court during a November 27, 2017 status conference that the Motion was not opposed. For those reasons, and as explained below, the Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

On January 19, 2009, Household Life Insurance Company, the predecessor in interest to Plaintiff Pavonia Life Insurance Company of Michigan ("Pavonia Life Insurance"), issued a life insurance policy to Robby E. Johnson (the "Policy"). (Docs. 1, 1-1). Mr. Johnson designated Defendant Theodore E. Raver as his sole beneficiary of the Policy benefits, with no contingent beneficiary named. (Doc. 1 at 2). On November 18, 2013, Mr. Johnson died of a gunshot wound to the abdomen. (*Id.*; *see also* Doc. 1-3). According to the Complaint, on or about March 14, 2014, Mr. Raver asserted his claim for the death benefits under the Policy. (*Id.*).

Upon Pavonia Life Insurance's investigation, however, it was discovered that the investigating authority ruled Mr. Johnson's death a homicide, and Mr. Raver was, and remains, a

suspect in his death. (*Id.* at 3). Pavonia Life Insurance acknowledged that under Ohio law, an individual that is responsible criminally for the death of another is prohibited from benefiting from the death of that individual. (*Id.*). Thus, Pavonia Life Insurance was in a predicament—Mr. Raver was the sole beneficiary to the Policy, but if he was determined to be responsible for Mr. Johnson's death, the Estate of Robby E. Johnson ("the Estate") was entitled to the Policy proceeds under Ohio law. (*Id.*). Accordingly, Pavonia Life Insurance filed this action on March 29, 2017, and requested that "Defendants interplead to determine among themselves who [was] the beneficiary" to the Policy proceeds. (*Id.* at 1).

After some service issues were resolved, and the Estate filed an Answer in this case, the Court held a status conference on August 21, 2017. (Doc. 34). At that time, the Court denied Mr. Raver's First Motion for Summary Judgment without prejudice (Doc. 5), and allowed discovery to be conducted over the next ninety days. (*Id.*). During that time, Mr. Raver and the Estate exchanged written discovery requests and responses to said requests. (Docs. 35–37, 39). No depositions were conducted. (Doc. 40 at 3). On November 16, 2017, Mr. Raver filed the Motion at issue, his Second Motion for Summary Judgment, arguing that there are no genuine issues of material fact. On the same day, the Estate filed a Notice of Dismissal of Cross-Claim Without Prejudice, stating it was voluntarily dismissing its cross-claim against Theodore Raver. (Doc. 41). The Notice failed to include signatures from counsel for all parties, but that deficiency was corrected on December 8, 2017 (Doc. 42).

The Court held another status conference on November 27, 2017, at which time counsel for the Estate represented that his client no longer wanted to proceed in this action and would not oppose the Motion for Summary Judgment. The time for opposition has passed, making this matter ripe for resolution.

## II. DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Rule 56(e) 'requires the nonmoving party to go beyond the [unverified] pleadings' and submit admissible evidence supporting its position. *Prudential Ins. Co. of Am. v. Blanton*, 118 F. Supp. 3d 980, 982 (N.D. Ohio 2015) (citing *Celotex, supra,* 477 U.S. at 324).

It is undisputed that Mr. Raver is identified as the sole beneficiary under the Policy, and has not been indicted, plead guilty to, or been convicted of any crime in connection with Mr. Johnson's death. The Court allowed discovery, but the Estate has failed to set forth any evidence demonstrating genuine issues of material fact concerning Mr. Raver's entitlement to the Policy benefits. Accordingly, as the sole beneficiary to a valid insurance policy, with no evidence enabling a reasonable jury to find that Mr. Raver intentionally and feloniously caused Mr. Johnson's death, Mr. Raver is entitled to the Policy benefits. *See Prudential Ins. Co. of Am. v. Blanton*, 118 F. Supp. 3d at 984 (holding that although life insurance beneficiary was a "person of interest" in the decedent's homicide investigation, because no evidence was presented to demonstrate beneficiary was criminally responsible for decedent's death, the beneficiary was entitled to summary judgment).

### III. CONCLUSION

For the above reasons, Defendant Raver's Second Motion for Summary Judgment (Doc. 40) is **GRANTED**. Pavonia Life Insurance is **DIRECTED** to issue the Policy benefits to Mr. Raver, by and through counsel, due in the amount of seventy-five thousand and 00/100 dollars ($75,000.000) plus interest and an accounting of said interest within seven (7) days of the date of this Order. This case is **TERMINATED**.

IT IS SO ORDERED.


Date: December 13, 2017                          /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE